UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AYKUT PILAK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:25-cv-0219-MTS |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Aykut Pilak's Motion for Leave to Proceed *in Forma Pauperis* and Motion to Appoint Counsel. A review of Plaintiff's financial declaration, made under penalty of perjury, shows that he can pay the filing fee mandated under 28 U.S.C. § 1914(a) "without undue hardship." *See Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *accord Wallace-Johnson v. Johnson Cnty. Mo. Sheriff Dep't*, 614 F. App'x 785 (5th Cir. 2015) (per curiam). The figures Plaintiff provided show that he has a five hundred dollar a month surplus after his expenses. This surplus, coupled with the two thousand dollars he reports having in liquid funds, shows he can pay the filing fee and still easily provide himself "with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). For this reason, the Court will deny Plaintiff's Motion and provide him six weeks in which to pay the $405 filing fee in full or voluntarily dismiss this action.[*]

---

[*] A dismissal without prejudice allows a plaintiff to refile a lawsuit within the limitations period. *See Dismissal*, *Black's Law Dictionary* (12th ed. 2024).

As for Plaintiff's Motion to Appoint Counsel, the Court concludes that Plaintiff has failed to show that he is "unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Hudak v. Curators of Univ. of Mo.*, 586 F.2d 105, 106 (8th Cir. 1978) (affirming denial of motion for appointment of counsel where it "appear[ed] that the case is one in which a contingent fee arrangement is feasible"). Even if Plaintiff were indigent, he failed to complete the form motion in its entirety. *See* Doc. [2] (failing to identify his "diligent efforts to obtain legal counsel"). In any event, he has not otherwise established that appointed counsel is appropriate at this stage in this case. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing the "relevant factors" a district court should consider when "determining whether to appoint counsel for an indigent civil litigant"). The Court therefore will deny this Motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Aykut Pilak's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [3], is **DENIED**. Plaintiff shall have through **Thursday**, **October 30, 2025**, to pay the $405 filing fee to the Court in full. If Plaintiff fails to do so, the Court will **dismiss** this action without prejudice and **without further notice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [2], is **DENIED** without prejudice.

Dated this 18th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE